UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD J. LEVINE, AS TRUSTEE OF THE LEVINE/BERENSON TRUST, Derivatively on Behalf of Emergent BioSolutions Inc.<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT G. KRAMER, SR., *et al.*<br><br>　　　Defendants. | Case No. 8:23-cv-02969-DLB |
| CHRISTOPHER SEAVER, Derivatively on Behalf of Emergent BioSolutions Inc.<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>ROBERT G. KRAMER, SR., *et al.*<br><br>　　　Defendants. | Case No. 1:23-cv-03408-MJM |

**STIPULATION AND ORDER CONSOLIDATING ACTIONS, APPOINTING CO-LEAD AND LIAISON COUNSEL AND STAYING PROCEEDINGS**

The Plaintiffs[1] and Defendants,[2] by and through their respective undersigned counsel, on this   9th   day of January, 2024, recite as follows:

---

[1] "Plaintiffs" refers to Richard J. Levine, as Trustee of the Levine/Berenson Trust, and Christopher Seaver.

[2] "Defendants" refers collectively to nominal defendant Emergent BioSolutions Inc. ("Emergent" or the "Company") and individual defendants Robert G. Kramer, Sr., Syed T. Husain, the Estate of Fuad El-Hibri, Sue Bailey, Zsolt Harsanyi, Richard S. Lindahl, the Estate of Jerome M. Hauer, George A. Joulwan, Ronald B. Richard, Louis W. Sullivan, Kathryn C. Zoon, and Marvin White. Defendants together with Plaintiffs are referred to herein as the "Parties."

1

**WHEREAS**, Plaintiff Richard J. Levine, as Trustee of the Levine/Berenson Trust filed a shareholder derivative complaint against Defendants on November 1, 2023 (the "*Levine* Action");

**WHEREAS**, Plaintiff Christopher Seaver filed a shareholder derivative complaint against Defendants on December 15, 2023 (the "*Seaver* Action");

**WHEREAS**, both the *Levine* Action and *Seaver* Action stem from the same operative facts, assert substantially similar claims against the same officers and directors, seek relief on behalf of Emergent, and, unique to the *Levine* Action and *Seaver* Action, allege that Plaintiffs' respective pre-suit demands on Emergent's Board of Directors were improperly refused;

**WHEREAS**, the Parties agree that, to ensure the orderly litigation of these derivative cases and to avoid duplication of efforts and unnecessary expenses, the *Levine* Action and the *Seaver* Action should, pursuant to Fed. R. Civ. P. 42(a), be consolidated for all purposes (the "Consolidated Refused Action");

**WHEREAS**, a putative class action alleging violations of the federal securities laws against Emergent and individual defendants Kramer and Husain, based on similar facts and allegations as the Consolidated Refused Action is pending in the United States District Court for the District of Maryland, captioned *In Re Emergent BioSolutions Inc. Securities Litigation*, Case No. 8:21-cv-00955-DLB (the "Federal Securities Action");

**WHEREAS**, a stockholder derivative action, captioned *In Re Emergent BioSolutions Inc. Derivative Litigation*, Case No. 2021-0974-MTZ (the "Delaware Derivative Action"), was filed in the Court of Chancery of the State of Delaware and is stayed pending resolution of the Federal Securities Action;

**WHEREAS**, a stockholder derivative action, captioned *In Re Emergent BioSolutions Inc. Derivative Litigation.,* Case No. 8:21-cv-02079-DLB (the "Maryland Federal Derivative Action"), was filed in the United States District Court for the District of Maryland and is stayed pending the

2

close of fact discovery in the Federal Securities Action;

**WHEREAS**, a stockholder derivative action, captioned *Elton v. Kramer, et al.*, Case No. C-15-CV-21-000496 (the "Maryland State Derivative Action") was filed in the Circuit Court for Montgomery County, Maryland and is stayed pending the close of fact discovery in the Federal Securities Action; and

**WHEREAS**, the Parties agree that a stay of the Consolidated Refused Action on the terms set forth below is appropriate to promote efficiency, effective case management, and conservation of judicial and litigant resources;

**IT IS HEREBY STIPULATED AND AGREED** by the Parties hereto, subject to approval of the Court, as follows:

**I.    CONSOLIDATION**

1.    The following actions are hereby related and consolidated for all purposes, including pre-trial proceedings and trial:

| **Abbreviated Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Levine v. Kramer, et al.* | 8:23-cv-02969-DLB | 11/1/23 |
| *Seaver v. Kramer, et al.* | 1:23-cv-03408-MJM | 12/15/23 |

**II.    CAPTION OF CASES**

2.    Every pleading henceforth filed in the Consolidated Refused Action, or in any separate action included herein, shall bear the following caption:

UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. DEMAND REFUSED STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 8:23-cv-02969-DLB |

| | |
|---|---|
| This Document Relates To:<br><br>ALL ACTIONS | (Consolidated with 1:23-cv-03408-MJM) |

3. The files of the Consolidated Refused Action shall be maintained in one file under Master File No. 8:23-cv-02969-DLB.

4. Any other demand refusal shareholder actions now pending or hereafter filed in or transferred to this Court which arise out of the same procedural posture or similar facts as alleged in the above-identified cases may be consolidated for all purposes with these consolidated actions upon motion to the Court.

### III. ORGANIZATION OF COUNSEL

5. Co-Lead Counsel for Plaintiffs in the Consolidated Refused Action are:

**Schubert Jonckheer & Kolbe LLP**
Robert C. Schubert
Willem F. Jonckheer
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220 (phone)
rschubert@sjk.law
wjonckheer@sjk.law

**The Weiser Law Firm, P.C.**
James M. Ficaro
200 Barr Harbor Dr., Suite 400
West Conshohocken, PA 19428
(610) 225-2677 (phone)
jmf@weiserlawfirm.com

6. Plaintiffs' Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Plaintiffs' Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any Plaintiffs except through Plaintiffs' Co-Lead Counsel.

8. Plaintiffs' Co-Lead Counsel also shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Co-Lead Counsel shall be responsible for creating and maintaining a master service list of all Parties and their respective counsel. Service on Co-Lead Counsel shall be sufficient as notice to Plaintiffs in Consolidated Refused Action.

9. Liaison Counsel for Plaintiffs for the conduct of these the Consolidated Refused Action is:

> **THE KAPLAN LAW FIRM PLLC**
> Matthew B. Kaplan
> 1100 N Glebe Rd, Suite 1010
> Arlington, VA 22201
> (703) 665-9529 (phone)
> Mbkaplan@thekaplanlawfirm.com

10. Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel, and shall be responsible for communication with defendants' counsel on matters of case administration and scheduling.

11. Defendants take no position as to the appointment of Co-Lead or Liaison Counsel and expressly preserve all of their rights and defenses.

12. Defendants' counsel may rely upon all agreements made with Plaintiffs' Co-Lead and Liaison Counsel, or other duly authorized representative of Plaintiffs' Co-Lead and Liaison Counsel, and such agreements shall be binding on all Plaintiffs.

## IV. STAY OF PROCEEDINGS

13. The Consolidated Refused Action, including all deadlines, hearings, conferences, and Defendants' responses to the complaints filed in the *Levine* Action and *Seaver* Action, shall be stayed until the close of fact discovery in the Federal Securities Action.

14. In the event any related derivative action, including the Delaware Derivative Action, the Maryland Federal Derivative Action, and the Maryland State Derivative Action are not stayed for the same or longer duration as the stay of this Action, Plaintiffs may terminate the stay upon thirty (30) days' written notice to Defendants.

15. Subject to the entry of a protective order in the Consolidated Refused Action, Defendants shall promptly provide Plaintiffs: (a) copies of all discovery produced in the Federal Securities Action in the form and manner in which such documents are produced in the Federal Securities Action; (b) copies of all of Defendants' written discovery responses served in the Federal Securities Action, including all privilege logs; and (c) all deposition transcripts and marked exhibits in the Federal Securities Action except to the extent confidentiality restrictions on such transcripts prevent Defendants from producing them.[3] Emergent will provide the materials set forth in this paragraph to Plaintiffs within ten (10) business days of producing or serving them in the case of (a) and (b), and within fifteen (15) business days of receiving the final transcript in the case of (c).

16. In the event that any documents are produced in the Delaware Derivative Action, the Maryland Federal Derivative Action, the Maryland State Derivative Action, or in response to any related stockholder demand or informal request to inspect corporate books and records, and/or to any other Emergent stockholder who has filed a stockholder derivative action on behalf of the Company, based on the same or a similar set of facts as those alleged in the Consolidated Refused Action during the pendency of the stay set forth herein, Defendants agree to produce those

---

[3] For any document, transcript, or other materials withheld based on the claim of confidentiality, Defendants shall provide a privilege log identifying the material withheld and the basis for the claim of confidentiality within the timeframe provide for all other materials as set forth in paragraph 15.

6

documents to Plaintiffs in the Consolidated Refused Action, to the extent such documents have not already been produced to Plaintiffs and subject to the entry of a protective order in the Consolidated Refused Action.

17. If, during the pendency of the stay set forth herein, Defendants engage in mediation in the Federal Securities Action, the Delaware Derivative Action, the Maryland Federal Derivative Action, the Maryland State Derivative Action, or in any related derivative action, Defendants agree to provide Plaintiffs with reasonable advance notice of such mediation and to invite Plaintiffs to said mediation or to mediate with Plaintiffs at or about the same time.  If Defendants provide documents to the plaintiffs in the Federal Securities Action, the Delaware Derivative Action, the Maryland Federal Derivative Action, the Maryland State Derivative Action, or related derivative action, in connection with a mediation, Defendants agree to provide, within ten (10) days of production, but no later than three (3) days before such mediation, the same documents to Plaintiffs in the Consolidated Refused Action on the same terms they are provided to plaintiffs in the Federal Securities Action, the Delaware Derivative Action, the Maryland Federal Derivative Action, the Maryland State Derivative Action, or related derivative action, as appropriate.  Provided, however, that the obligations in this paragraph shall be contingent on Plaintiffs' agreement to and compliance with any conditions of such mediation, including confidentiality, and payment of their pro rata share of mediation costs.

18. Notwithstanding the stay of the Consolidated Refused Action, Plaintiffs may file a consolidated complaint, though no Defendant shall be under any obligation to respond to it during the pendency of the stay.

19. Within thirty (30) days of the occurrence of either of the events identified in Paragraphs 13 and 14, the Parties shall meet and confer concerning a schedule for further

proceedings in the Consolidated Refused Action, including the designation of an operative complaint or the deadline for filing a consolidated complaint, and will submit a proposed schedule for the Court's consideration.

20. Nothing herein shall be construed as a waiver of any Party's rights or positions in law or in equity, or as a waiver of any defenses that any Party would otherwise have, and the Parties reserve all such rights.

21. This Stipulation may be filed, without further notice, with the Clerk of the Court and may be executed in counterparts and that a facsimile copy of this Stipulation be deemed an original.

**[Signature Page Follows]**

**THE KAPLAN LAW FIRM PLLC**

/s/ Matthew B. Kaplan
Matthew B. Kaplan
D. Md. Bar No. 18724
1100 N Glebe Rd
Suite 1010
Arlington, VA 22201
(703) 665-9529 (phone)
Mbkaplan@thekaplanlawfirm.com

Robert C. Schubert
Willem F. Jonckheer*
Schubert Jonckheer & Kolbe LLP
2001 Union Street, Suite 200
San Francisco, CA 94123
(415) 788-4220 (phone)
rschubert@sjk.law
wjonckheer@sjk.law
* *Pro hac vice*

James M. Ficaro
The Weiser Law Firm, P.C.
200 Barr Harbor Dr, Suite 40
West Conshohocken, PA 19428
(610) 225-2677
jmf@weiserlawfirm.com

**Counsel for Plaintiffs**

**MILES & STOCKBRIDGE P.C.**

/s/ William M. Krulak, Jr.
William M. Krulak, Jr.
Ariana K. DeJan-Lenoir
Miles & Stockbridge P.C.
100 Light Street
Baltimore, MD 21202
(410) 385-3448 (phone)
(410) 698-4501 (fax)
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**

/s/ Michael G. Bongiorno
Michael G. Bongiorno*
Timothy Perla*
Dan Willey*
60 State Street
Boston, MA 02109
(617) 526-6696 (phone)
(617) 526-5000 (fax)
michael.bongiorno@wilmerhale.com
timothy.perla@wilmerhale.com
dan.willey@wilmerhale.com
* *Pro hac vice*

**Counsel for Defendants Emergent BioSolutions, Inc., Estate of Fuad El-Hibri; Sue Bailey, Zsolt Harsanyi, Richard S. Lindahl, the Estate of Jerome M. Hauer, George A. Joulwan, Ronald B. Richard, Louis W. Sullivan, and Kathryn C. Zoon**

**ARNOLD & PORTER KAYE SCHOLER LLP**

/s/ Veronica E. Callahan
Veronica E. Callahan*
250 West 55th Street
New York, NY 10019

9

Phone: (212) 836-8000
Facsimile: (212) 836-8689
Veronica.callahan@arnoldporter.com

Stephanna F. Szotkowski*
70 West Madison Street, Ste. 4200
Chicago, IL 60602
Stephanna.szotkowski@arnoldporter.com
Phone: (312) 583-2300
Facsimile: (312) 583-2360
Stephanna.szotkowski@arnoldporter.com

Chasity A. Fair*
601 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 942-5000
Facsimile: (202) 942-5999
Chasity.fair@arnoldporter.com

* Pro hac vice

**MILES & STOCKBRIDGE P.C.**

/s/ William M. Krulak, Jr.
William M. Krulak, Jr.
Ariana K. DeJan-Lenoir
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

**Counsel for Defendant Syed T. Hussain**

**MILLER & CHEVALIER CHARTERED**

/s/ Kirby D. Behre

Kirby D. Behre
Margot Laporte*
900 16th Street NW
Washington, DC 20006
Phone: (202) 626-5800
Facsimile: (202) 626-5801
kbehre@milchev.com
mlaporte@milchev.com

*\* Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

/s/ William M. Krulak, Jr.
William M. Krulak, Jr.
Ariana K. DeJan-Lenoir
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

**Counsel for Defendant Robert G. Kramer, Sr.**

**IT IS SO ORDERED:**

Dated: January 16, 2024

U.S. District Judge
Deborah L. Boardman

11